# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| ALBERT LEMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:20-cv-01771-MTS |
| ) | |
| SAFECO INSURANCE COMPANY ) | |
| OF ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Defendant Safeco Insurance Company of Illinois removed this case from Missouri's Circuit Court of the Twenty-First Judicial Circuit, St. Louis County, by invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332.  Doc. [1].  Plaintiff timely moved to remand the case back to state court, see 28 U.S.C. § 1447(c), arguing that "the amount in controversy does not exceed $75,000." Doc. [6] ¶ 8.  Defendant did not oppose Plaintiff's Motion to Remand.[1]

"Where the defendant seeks to invoke federal jurisdiction through removal . . . it bears the burden of proving that the jurisdictional threshold is satisfied." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).  Since Defendant did not oppose the Motion to Remand, the only argument the Court has from Defendant regarding the amount in controversy is one paragraph from its Notice of Removal.  It offers little, but it states:

> The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.  Plaintiff Albert Lemons, in his Petition, claims that he sustained injuries and required medical treatment for his injuries and continues to suffer from these injuries.  He also claims he demanded the policy limits ($50,000.00) from his insurance carrier Safeco on September 21, 2020. In the prayer for relief he claims an amount "in excess of $25,000.00."  Plaintiff further makes a claim for vexatious refusal to pay penalties and attorney fees pursuant to Sections

---

[1] *See* E.D. Mo. L.R. 4.01(B).

        375.296 and 375.420 R.S.Mo.  *See Crawford v. F. Hoffman-La Roche, Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (attorney fees are element of damages that count toward the jurisdictional minimum for diversity jurisdiction).

Doc. [1] ¶ 5.

    In other words, "Plaintiff's petition in this case does not expressly state a claim in excess of the jurisdictional amount." *Salinas v. USAA Cas. Ins. Co.*, No. 4:10-cv-1103-DJS, 2010 WL 2990126, at *2 (E.D. Mo. July 27, 2010); *accord* Doc. [6] ¶ 6.  Putting aside whether that one paragraph in the Notice of Remand is enough for Defendant to meet its burden regarding the amount in controversy—especially considering it has not objected to remand—Plaintiff offers a compelling response.  With his Motion to Remand, Plaintiff, through his counsel, has submitted a signed "stipulation" that he "is not seeking more than $75,000 in this matter, inclusive of attorneys' fees, but exclusive of interest and costs, and should any verdict exceed that amount, Plaintiff agrees that any judgment entered should be reduced to $75,000, plus interest and costs." Doc. [6-1].

    Given that this "stipulation does not seek to amend [the] petition" but makes clear that the petition "does not seek in excess of $75,000," this "post-removal stipulation as to the amount in controversy can be considered to decide whether jurisdiction has attached." *Salinas*, 2010 WL 2990126, at *2; *see also Keithly v. Mocadlo*, No. 4:16-cv-1892-JMB, 2017 WL 1426020, at *3 (E.D. Mo. Apr. 21, 2017) (noting "the Eighth Circuit permits plaintiffs in states like Missouri to establish the amount in controversy to a legal certainty through a binding stipulation filed after removal, because pleading sums certain is not allowed in state court petitions" provided "the stipulation can be considered as clarifying rather than amending an original pleading").

    Even if Defendant had met his burden, Plaintiff has now "establish[ed] to a legal certainty that the claim is for less than the requisite amount." *Bell*, 557 F.3d at 956.  Since this

Court would have diversity jurisdiction over this case only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332, and it is now clear that the matter in controversy does not, the Court lacks jurisdiction and must remand.  28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [6], is **GRANTED**, and this action will be remanded to the Circuit Court of St. Louis County.  An Order of Remand will be issued to accompany this Memorandum and Order.

Dated this 7th day of January 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE